UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH CORNELIUS YOUNG III, ET AL | CIVIL ACTION |
| VERSUS | NO. 20-2165 |
| RHONDA LEDET, ET AL. | SECTION "J" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Ricky Gamble is one of forty potential plaintiffs in this matter who signed and submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement and unconstitutional policies, procedures, and or customs related to sanitation and COVID-19 measures at the Terrebonne Parish Criminal Justice Complex ("TPCJC").[1]  Gamble, among others, did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* with the complaint.  On July 31, 2020, the Clerk of Court for the Eastern District of Louisiana sent the plaintiffs a notice of this and other deficiencies and required, among other things, payment of the filing fee or submission of a certified pauper application within twenty-one (21) days of the date of the notice.[2]  Gamble was not among the plaintiffs to respond to the clerk's notice by filing certified pauper applications.[3]

On September 21, 2020, to provide Gamble a final opportunity to respond, I issued an order for him to show cause in writing on or before October 21, 2020, why his claims should not be dismissed for failure to prosecute for failure to pay the filing fee or submit a properly completed and certified pauper application.[4]  My order also placed Gamble on notice that his failure to

---

[1] ECF No. 4.
[2] ECF No. 3.
[3] ECF Nos. 5, 7-11, and 28 (pauper applications filed in response to the Clerk's Notice of Deficiency).
[4] ECF No. 43.

comply with the order would result in the recommendation that his claims be dismissed. The clerk of court mailed a copy of the order to Gamble at his address of record in the TPCJC. The envelope containing the order has not been returned as undeliverable. Gamble has not responded to my show cause order. I also note that, on October 26, 2020, other mail later sent to Gamble was returned to the clerk of court by the U.S. Postal Service because Gamble "refused [it] at mail pass."[5]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[6] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[7] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[8] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[9]

All litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. In addition, the complaint form used by Gamble to institute this action contains the following declaration: "I understand that if I am released or transferred, it is

---

[5] ECF No. 109-9 and 110-8.
[6] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[7] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986).
[8] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[9] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 4, at 4 (Declaration No. 2). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[10]

Gamble has not responded to my order or provided the information, documents, or fee necessary to prosecute his case. To date, Gamble has not filed a Notice of Change of Address or otherwise contacted the court or clerk of court about this case. His failure to comply with the court's orders and rules has created delay in the court's ability to efficiently manage the case with respect to the participating plaintiffs. This delay is caused by and attributable to Gamble himself, justifying dismissal of his claims.[11]

In a final effort to provide plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

---

[10] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[11] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App x 402, 404-05 (5th Cir. 2008).

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[12]

## RECOMMENDATION

It is **RECOMMENDED** that Plaintiff Ricky Gamble's claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this  3rd  day of November, 2020

*[signature]*

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY COUNSEL FOR DEFENDANTS
AND ONLY THESE PLAINTIFFS:**
Ricky Gamble, Joseph C. Young, III, John F. Bonvillain, Jr.,
Melvin White, Tory A. Mitchell, Clifford McCoy, Barry Dominique.

---

[12] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).