UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOSEPH CORNELIUS YOUNG III, ET AL                    CIVIL ACTION

VERSUS                                               NO. 20-2165

RHONDA LEDET, ET AL.                                 SECTION "J" (2)

**<u>FINDINGS AND RECOMMENDATION</u>**

Plaintiff Samuel Sims, Jr., is one of forty potential plaintiffs in this matter who signed and submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement and unconstitutional policies, procedures, and or customs related to sanitation and COVID-19 measures at the Terrebonne Parish Criminal Justice Complex ("TPCJC"). ECF No. 4.   Sims, among others, did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* with the complaint.   On July 31, 2020, the Clerk of Court for the Eastern District of Louisiana sent the plaintiffs a notice of this and other deficiencies and required, among other things, payment of the filing fee or submission of a certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 3.   Sims responded with the corrected pauper application, which I granted on August 26, 2020.   ECF Nos. 11, 19.

On November 18, 2020, I issued an order requiring Sims to submit, by December 17, 2020, a statement of the facts and a list of witnesses and exhibits to support his claims.   ECF No. 180. The Clerk of Court mailed a copy of the order to Sims at his address of record in the TPCJC.   *Id*. Sims has not filed a response to my order.   As of this date, the envelope has not been returned as undeliverable.

The record also indicates that, after I granted Sims pauper status, a great number of envelopes containing other court orders have been returned to the clerk as undeliverable because

Sims is no longer incarcerated at TPCJC, the prison facility and only address listed on the

complaint.   ECF Nos. 83, 90-9, 92-4, 109-3, 110-13, 111-10, 136-5, 239-3, 245-1, 246-3, 248,

249, 251-2, 252-1, 253-3, 254-1, 255-1, 256-1, 258-1, 259-2, 261, 262, 263.   These envelopes

were returned to the clerk of court by the U.S. Postal Service marked, "Return to Sender Inmate

Released from T.P.C.J.C." or similar notation.   *See*, *e.g.*, ECF No. 83.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its

discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any

order of the court.[1]   In applying the sanction of dismissal, courts have traditionally considered the

extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to

comply with the court's order.[2]     Because plaintiff is proceeding *pro se*, it is apparent that this court

must weigh his actions alone in considering dismissal of this action under Rule 41(b).   A *pro se*

litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3]   A

*pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable

neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

All litigants are obligated to keep the court advised of any address change.   *See* EDLA

Local Rules 11.1 and 41.3.1.   In addition, the complaint form used by Sims to institute this action

contains the following declaration: "I understand that if I am released or transferred, it is my

responsibility to keep the Court informed of my whereabouts and failure to do so may result in this

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

action being dismissed with prejudice."   ECF No. 4, at 4 (Declaration No. 2).   "[T]he failure of

a pro se litigant to notify the district court of an address change may be considered by the district

court as an additional cause for dismissal for failure to prosecute."[5]

Since return of the numerous envelopes to the clerk, Sims has not filed a Notice of Change

of Address or otherwise contacted the court or clerk of court about this case.   His failure to comply

with the court's rules and provide a proper address has created delay in the court's ability to

efficiently manage the case with respect to the participating plaintiffs.   This delay is caused by

and attributable to Sims himself, justifying dismissal of his claims.[6]

In a final effort to provide plaintiff with an opportunity to show cause why his complaint

should not be dismissed, I am issuing these Findings and Recommendation to the presiding United

States District Judge.    Plaintiff is advised that he may object to these Findings and

Recommendation within fourteen (14) days from the date of service of this report.   It is suggested

to plaintiff that any objection should contain a short summary of the reasons why he failed to

comply with the court's previous orders.   Plaintiff is further advised that any objection should be

in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana,

500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption

of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings

and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit.   A party's

failure to file written objections to the proposed findings, conclusions, and recommendation in a

---

[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App x 402, 404-05 (5th Cir. 2008).

magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

## RECOMMENDATION

It is **RECOMMENDED** that Plaintiff Samuel Sim, Jr.'s claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 6th day of January, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY COUNSEL FOR DEFENDANTS
AND ONLY PLAINTIFF SAMUEL SIMS, JR.**

---

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).